EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Juan E. Capó Cruz<br><br>     Peticionario<br><br>          v.<br><br>Junta de Planificación,<br>Pastor Jesús Figueroa,<br>María Elena Blanco<br>Maldonado, The Kingdom<br>Christian Academy<br><br>     Peticionaria | Certiorari<br><br><br>2020 TSPR 68<br><br>204 DPR _____ |

Número del Caso:  CC-2019-0195


Fecha:  23 de julio de 2020


Tribunal de Apelaciones:

     Panel II


Abogado de la parte peticionaria:

     Por Derecho Propio



Abogada de la parte recurrida:

     Lcda. Carla M. Rodríguez Heredia



Materia: Derecho Administrativo: Alcance de la revisión e investigación que debe realizar la Junta de Planificación ante una querella en la que se impugne la ausencia, concesión o incumplimiento con un permiso de obra de construcción.



Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Juan E. Capó Cruz<br><br>Peticionario<br><br>v.<br><br>Junta de Planificación, Pastor Jesús Figueroa, María Elena Blanco Maldonado, The Kingdom Christian Academy<br><br>Recurridos | CC-2019-0195 | *Certiorari* |

Opinión del Tribunal emitida por el Juez Asociado señor ESTRELLA MARTÍNEZ.

San Juan, Puerto Rico, a 23 de julio 2020.

La controversia ante nuestra consideración nos exige expresarnos en torno a los deberes y responsabilidades de la Junta de Planificación ante una querella en la cual se impugne la ausencia, concesión o incumplimiento con un permiso de obra de construcción. Específicamente, a la luz de la Ley para la Reforma del Proceso de Permisos de Puerto Rico, infra, debemos precisar el alcance de la revisión e investigación que debe realizar tal ente administrativo ante una querella de esta naturaleza. Con ello en mente, procedemos a exponer el trasfondo fáctico y procesal de la controversia a atender.

I

El 19 de abril de 2016, el Sr. Juan E. Capó Cruz (señor Capó Cruz o peticionario) presentó una querella, enumerada

2016-SQR-186895, en contra de <u>The Kingdom Christian Academy</u> (Academia) ante la Oficina de Gerencia de Permisos (OGPe). En esencia, el peticionario indicó que las facilidades de la Academia se construyeron en una comunidad residencial, la Urbanización Villas de Río Grande, donde precisamente éste residía. Así, sostuvo que la Academia autorizó y permitió que se accediera a la misma a través de su urbanización, causando una gran congestión de tráfico y alteración a la paz de los y las residentes colindantes.

De igual modo, el señor Capó Cruz señaló que, en ocasiones, la Academia impedía totalmente el acceso a su residencia por motivo de celebraciones y actividades escolares. Más aún, alegó que sufrió confrontaciones violentas e intimidantes con miembros de la comunidad escolar que se estacionaban frente a un hidrante de agua localizado en la acera de su hogar.

Debido a estos acontecimientos, el peticionario sostuvo que el volumen de tráfico y contaminación que generaba la Academia no era cónsono con la comunidad que residía a su alrededor. A raíz de ello, señaló las siguientes deficiencias ante la OGPe: (1) la ausencia de un permiso que autorizara a la Academia a gestionar sus operaciones en una calle residencial; (2) el incumplimiento de la Academia con los términos del permiso de construcción, y (3) la improcedencia de un permiso de esta naturaleza en un área residencial.

Ante ello, la OGPe se limitó a examinar la existencia de un permiso y archivó la querella presentada, pues concluyó que la Academia sí obtuvo el permiso de construcción necesario. No obstante, la OGPe no se expresó en torno a los demás reclamos del peticionario, incluyendo el alegado incumplimiento con el permiso en controversia.

Así las cosas, el 16 de octubre de 2018, el señor Capó Cruz presentó una segunda querella, enumerada 2018-SQR-003957, en contra de la Academia. En esta ocasión, se presentó ante la Junta de Planificación.[1] En la misma, el peticionario indicó que la Academia comenzó a construir una cancha deportiva en el área residencial, sin un permiso de construcción para ello. Particularmente, señaló que se estaba construyendo dentro de los límites de un distrito de calificación residencial, en el cual no se permitía una construcción de esta naturaleza. Asimismo, arguyó que, contrario a los estatutos y los reglamentos aplicables, dicha construcción no se notificó a los residentes colindantes ni se celebró vista pública alguna.

De igual forma, el señor Capó Cruz alegó que la congestión de tráfico previamente impugnada se agravó, pues expresó que la Academia y la cancha deportiva no contaban con estacionamiento para su personal y los

---

[1]La querella se presentó ante la Junta de Planificación debido a que la Ley para la Reforma del Proceso de Permisos de Puerto Rico, Ley Núm. 161-2009, 23 LPRA sec. 9011 et seq., se enmendó por la Ley Núm. 19-2017, (Parte 1) 2017 LPR 650, para establecer que las querellas de esta naturaleza serían tramitadas mediante tal ente administrativo. 23 LPRA sec. 9024f; (Parte 1) 2017 LPR 739.

visitantes. En esa línea, añadió que, como agravante, las facilidades deportivas se estaban construyendo en una región que anteriormente era utilizada como estacionamiento por la comunidad escolar. El peticionario arguyó que las circunstancias descritas afectaron significativamente su salud mental y emocional.

Al igual que en la primera querella, el peticionario fundamentó su reclamo en las razones siguientes: (1) la "ausencia de un Permiso Requerido" que autorizara la construcción de la cancha deportiva; (2) el "incumplimiento con los términos del Permiso", pues nuevamente se estaba afectando un área residencial, y (3) la concesión de permiso de construcción "en incumplimiento de la ley y/o reglamentos".[2]

Ante este cuadro, la Junta de Planificación archivó la querella debido a que, posterior a la presentación de la querella, la OGPe autorizó la construcción de la cancha deportiva. A esos fines, la Junta de Planificación determinó que "[e]n la situación de hechos y de derechos que nos ocupa, la construcción cuenta con un permiso de construcción aprobado, por lo que no se justifica continuar en el proceso adjudicativo de la querella bajo nuestra

---

[2]Apéndice de certiorari, Solicitud de Radicación de Querella, pág. 29.

consideración".[3] Sin embargo, la Junta de Planificación no adjudicó los otros planteamientos de alegados incumplimientos expuestos por el señor Capó Cruz, entiéndase, el incumplimiento con los términos del permiso y la alegada concesión ilegal del permiso de construcción. El peticionario presentó un recurso de reconsideración, el cual fue declarado no ha lugar.

Insatisfecho, el señor Capó Cruz acudió al Tribunal de Apelaciones en revisión judicial. En su recurso, el peticionario expresó que la querella no se basaba únicamente en la ausencia de un permiso de construcción. Al contrario, indicó que su reclamo tenía como propósito impugnar la concesión de un permiso que era contrario a las leyes y a los reglamentos aplicables. El peticionario alegó que la OPGE no actuó conforme a derecho al autorizar la construcción de una cancha deportiva en un distrito de calificación residencial, pues éste no permitía una construcción de esa naturaleza. De igual forma, arguyó que en la querella impugnó que se autorizara tal obra sin el espacio apropiado de estacionamientos para las personas visitantes, sin la notificación previa a los residentes colindantes y sin la celebración de una vista pública.

Debido a lo anterior, el peticionario arguyó que los estatutos aplicables exigían que la Junta de Planificación investigara adecuadamente la totalidad de los reclamos

---

[3]Apéndice de certiorari, Notificación archivo y/o no hallazgo, pág. 27.

contenidos en su querella. A esos fines, expresó que la Junta de Planificación no podía culminar su investigación por el mero hecho de que se había autorizado el permiso de construcción. Ello, pues sus reclamos iban dirigidos precisamente a impugnar la legalidad y la corrección de tal permiso. Por su parte, la Junta de Planificación no compareció ante el foro apelativo.

Ante este cuadro, el Tribunal de Apelaciones confirmó la determinación de la Junta de Planificación. El foro apelativo resolvió que la decisión estuvo fundamentada en evidencia sustancial del expediente. Por tanto, concluyó que la Junta de Planificación no actuó de forma caprichosa, arbitraria, ilegal ni abusó de su discreción.

Inconforme, el señor Capó Cruz comparece ante este Tribunal y reitera los argumentos expuestos ante los foros recurridos.[4] A esos fines, el peticionario alega que la Junta de Planificación erró al negarse a atender todos sus señalamientos. Asimismo, impugna la concesión del permiso de construcción tanto de la Academia como de la cancha

---

[4]El 12 de abril de 2019, el Sr. Juan E. Capó Cruz (señor Capó Cruz o peticionario) presentó una Moción informativa y en auxilio del Tribunal, en la cual solicitó la paralización de la construcción de la cancha deportiva hasta tanto este Tribunal resolviera la controversia de epígrafe. Este Tribunal declaró no ha lugar a la misma. El 9 de agosto de 2019, el señor Capó Cruz presentó una Segunda moción informativa y en auxilio del Tribunal y solicitando cese y desista, en la cual reitera los argumentos antes rechazados por este Tribunal. Por las razones expuestas en esta Sentencia y el remedio concedido al peticionario, proveemos nada que proveer a la moción presentada, ya que la controversia será devuelta a la Junta de Planificación.

deportiva, por realizarse en un distrito de clasificación que entiende residencial. De igual modo, alega que los permisos no se debieron autorizar sin el espacio correspondiente para estacionamientos, sin notificar a los residentes colindantes de la Academia y sin la celebración de vista pública. En virtud de estos fundamentos, solicita que revoquemos los permisos en controversia.

Por otra parte, comparece la Junta de Planificación y aduce que actuó correctamente y que cumplió con sus deberes. En esencia, alega que, ante la querella del señor Capó Cruz, procedía investigar únicamente si la OGPe había emitido el permiso correspondiente para la construcción de las facilidades de la cancha de deportiva de la Academia. A esos fines, expone que "el resultado de la obtención del permiso en cuestión demostró que el proponente del permiso estaba apto para el mismo y que pasó por el escrutinio de la OGPe, lo cual haría nuestra participación una académica en el asunto".[5] Así, interpreta que no era necesario un trámite ulterior ante los reclamos del peticionario.

Además, la Junta de Planificación señala que, contrario a lo expresado por el señor Capó Cruz, el área donde está construida la Academia y la cancha deportiva corresponde a un distrito de calificación comercial. En

---

[5]Alegato en oposición a petición de certiorari, pág. 8.

consecuencia, arguye que en esa área se podía construir tanto la Academia como la cancha deportiva.[6]

El 31 de mayo de 2019, el Pleno de este Tribunal acordó expedir el recurso ante nuestra consideración. Con el beneficio de la comparecencia de las partes, procedemos a resolver la controversia ante nuestra consideración.

## II

## A.

Como cuestión de umbral, debemos exponer el estándar de adjudicación aplicable a la controversia ante nuestra consideración. La doctrina de revisión judicial dispone que, al revisar las determinaciones administrativas, los tribunales tienen la encomienda de auscultar si las mismas fueron emitidas en virtud de los poderes delegados a la agencia y de su política pública. Torres Rivera v. Policía de PR, 196 DPR 606, 625-626 (2016); Mun. de San Juan v. J.C.A., 149 DPR 263, 279 (1999). Para ello, los tribunales revisores debemos conceder deferencia a las decisiones de las agencias administrativas, pues éstas gozan de experiencia y conocimiento especializado sobre los asuntos ante su consideración, lo cual ampara sus dictámenes con una presunción de legalidad y corrección. Torres Rivera v. Policía de PR, supra, pág. 626.

---

[6]Ante ello, el señor Capó Cruz presentó una Moción solicitando permiso que se nos permita replicar el alegato en oposición a petición de certiorari radicado por la Junta de Planificación. Por no presentar argumentos distintos a los expuestos ante los foros recurridos, proveemos no ha lugar a la misma.

En esta tarea, los foros judiciales analizarán los aspectos siguientes: (1) si el remedio concedido por la agencia fue apropiado; (2) si las determinaciones de hecho que realizó la agencia están sostenidas por evidencia sustancial, y (3) si las conclusiones de derecho fueron correctas. Asoc. Fcias v. Caribe Specialty et al. II, 179 DPR 923, 940 (2010). Por un lado, las determinaciones de hecho se deben sostener si las mismas se basan en evidencia sustancial que surja de la totalidad del expediente administrativo. Rolón Martínez v. Supte. Policía, 201 DPR 26, 36 (2018). A esos fines, evidencia sustancial es aquella prueba relevante que "una mente razonable podría aceptar como adecuada para sostener una conclusión". Rebollo v. Yiyi Motors, 161 DPR 69, 76-77 (2004). Debido a lo anterior, debemos respetar las resoluciones administrativas hasta tanto no se demuestre mediante evidencia suficiente que la presunción de legalidad ha sido superada o invalidada. Torres Rivera v. Policía de PR, supra.

Por su parte, las determinaciones de derecho pueden ser revisadas en su totalidad. Torres Rivera v. Policía de PR, supra, pág. 627. Sin embargo, hemos dispuesto que la revisión judicial no equivale a la sustitución automática del criterio e interpretación del organismo administrativo. Rebollo v. Yiyi Motors, supra, pág. 77. Al contrario, los tribunales revisores descartarán el criterio de los entes administrativos cuando "no se pueda

hallar fundamento racional que explique o justifique el dictamen administrativo". Rolón Martínez v. Supte. Policía, supra.

En virtud de este análisis, los tribunales sólo deben intervenir en las decisiones administrativas cuando éstos concluyan que se ha actuado arbitraria, ilegal o irrazonablemente. JP, Plaza Santa Isabel v. Cordero Badillo, 177 DPR 177, 187 (2009). "En esas circunstancias, cederá la deferencia que merecen las agencias en las aplicaciones e interpretaciones de las leyes y los reglamentos que administra". Rolón Martínez v. Supte. Policía, supra.

### B.

Con tales principios como norte, procedemos a exponer el desarrollo del marco estatutario relacionado con la otorgación e impugnación de permisos de construcción. La Ley para la Reforma del Proceso de Permisos de Puerto Rico, Ley Núm. 161-2009, 23 LPRA sec. 9011 et seq., provee el marco jurídico para la solicitud, evaluación y concesión de permisos en el Gobierno de Puerto Rico. A esos fines, el estatuto creó la OGPe, un organismo gubernamental con el propósito de emitir determinaciones finales, permisos, licencias, inspecciones, certificaciones, entre otros. 23 LPRA secs. 9012, 9012d.

Particularmente, en torno a los permisos de obras de construcción, la Asamblea Legislativa delegó expresamente en la Junta de Planificación la delineación de los

requisitos y criterios específicos que se deben cumplir en estos trámites. 23 LPRA sec. 9025. En cumplimiento con ello, se aprobó el Reglamento Conjunto de Permisos para Obras de Construcción y Uso de Terreno, Reglamento Núm. 7951, Junta de Planificación, 29 de noviembre de 2010 (Reglamento Conjunto), el cual tuvo el propósito de uniformar, aclarar y precisar el trámite de concesión de permisos para obras de construcción.[7] El mismo desglosa el complejo andamiaje de una solicitud de construcción y detalla los deberes y responsabilidades de las organizaciones con inherencia principal en este proceso, a saber, la Junta de Planificación, la OGPe y la Oficina del Inspector General de Permisos.

Toda solicitud para construir una obra inicia con su presentación electrónica en el Sistema Unificado de Información, acompañada de la documentación requerida. 23 LPRA sec. 9018b. Para ello, el Reglamento Conjunto, supra, precisa que la concesión de permisos de construcción estará sujeta a la naturaleza del territorio y la región donde se pretende construir. Íd., sec. 9.3.1(b). A esos efectos, establece que se autorizarán los permisos de construcción

---

[7]El Reglamento Conjunto de Permisos para Obras de Construcción y Usos de Terreno, Reglamento Núm. 7951, Junta de Planificación, 29 de noviembre de 2010 (Reglamento Conjunto) fue derogado posteriormente a los hechos ante nuestra consideración por el Reglamento Conjunto para la Evaluación y Expedición de Permisos Relacionados al Desarrollo, Uso de Terrenos y Operación de Negocios, Reglamento Núm. 9081, Junta de Planificación, 8 de mayo de 2019.

"siempre y cuando se cumpla con los parámetros del **distrito** en que se ubica la propiedad y el **estacionamiento** requerido". (Énfasis suplido). Íd. Por tanto, al enfrentarse a una solicitud de construcción, la OPGE deberá auscultar si la construcción propuesta cumple con los requisitos del distrito de calificación en el cual estará localizada y si provee las facilidades de estacionamiento exigidas.

Los distritos de calificación se definen como "las demarcaciones espaciales en las cuales se subdivide un territorio para distribuir y ordenar los usos o edificaciones permitidas". Íd., cap. 4(54). La Junta de Planificación y los Municipios Autónomos con Jerarquías de la I a la V son las entidades responsables de adoptar mapas de calificación en los cuales se designen los múltiples distritos de calificación de Puerto Rico. Íd., sec. 61.1.1(a).

El Reglamento Conjunto, supra, precisa a gran a detalle los propósitos, alcances, usos, parámetros y limitaciones que se deben respetar en los distritos de calificación a través de Puerto Rico. Íd., cap. 19. De igual modo, el mismo detalla los espacios de estacionamiento para vehículos que debe proveer cada facilidad y edificación en los distintos distritos. Íd., cap. 24.

Ahora bien, una vez la OGPe emite un permiso de cualquier naturaleza, se presumirá su corrección y legalidad. 23 LPRA

sec. 9019i. Sin embargo, la Ley para la Reforma del Proceso de Permisos de Puerto Rico, supra, provee distintos mecanismos para revisar e impugnar tal decisión. Por un lado, una parte adversamente afectada por una actuación o determinación final de la OGPe, tiene la facultad de presentar una solicitud de revisión administrativa ante la División de Revisión Administrativa de la OGPe. 23 LPRA sec. 9021r. Para ello, la parte tendrá que presentar tal solicitud en un término jurisdiccional de veinte (20) días desde el archivo en autos de la notificación de la actuación o determinación final. Íd.

Por otro lado, el referido estatuto contempla la impugnación de un permiso mediante la presentación de una querella.[8] A esos fines, el Art. 14.6 dispone lo siguiente:

> Cualquier agencia, dependencia o instrumentalidad del Gobierno de Puerto Rico en representación del interés público o una persona privada, natural o jurídica, que tenga interés propietario, o que sea colindante, propietaria u ocupante de una propiedad vecina, a la cual su interés personal podría verse afectado, podrá presentar una querella contra una persona natural o jurídica o una entidad pública, a través del Sistema Unificado de Información alegando: (a) **el incumplimiento con las disposiciones o condiciones de los permisos** expedidos; (b) la alegada ausencia de un permiso requerido; o (c) **el incumplimiento con cualquier disposición de la [Ley Orgánica de la Junta de Planificación de Puerto Rico, Ley Núm. 75 de 24 de junio de 1975, 23 LPRA sec. 62 et seq., Ley para la Reforma del Proceso de Permisos de Puerto Rico, supra], las leyes habilitadoras de las entidades gubernamentales concernidas, la Ley de**

---

[8]La Asamblea Legislativa ha contemplado este mecanismo desde que se aprobó originalmente el estatuto en el año 2009. Ley para la Reforma del Proceso de Permisos de Puerto Rico, Ley Núm. 161-2009, (Parte 2) 2009 LPR 1081-1087.

**Municipios Autónomos, el [Reglamento Conjunto, supra] o demás reglamentos aplicables.** Bajo ningún concepto, se puede utilizar una querella para realizar un ataque colateral a una determinación final o permiso que debió haber sido presentado oportunamente de conformidad con esta Ley. (Énfasis suplido). 23 LPRA sec. 9024e.

En virtud de lo anterior, la Ley para la Reforma del Proceso de Permisos de Puerto Rico, supra, concede legitimación activa a cualquier persona privada, ya sea natural o jurídica, "que tenga interés propietario, o que sea colindante, propietaria u ocupante de una propiedad vecina, a la cual su interés personal podría verse afectado" a presentar una querella para impugnar la construcción de alguna obra. Para ello, la persona querellante deberá sustentar específicamente alguno de los argumentos siguientes: (1) el incumplimiento con los términos del permiso concedido; (2) la construcción de una obra en ausencia de un permiso, y (3) la concesión de un permiso de construcción en contra de las leyes y reglamentos aplicables.

Inicialmente, la propia OGPe era la entidad responsable de atender, investigar y adjudicar las querellas de esta naturaleza.[9] Sin embargo, la Ley para la Reforma del Proceso de Permisos de Puerto Rico, supra, fue enmendada por la Ley Núm. 19-2017 para establecer, entre varios asuntos, unos procesos de auditoría y supervisión,

---

[9]Ley para la Reforma del Proceso de Permisos de Puerto Rico, Ley Núm. 161-2009, (Parte 2) 2009 LPR 1081-1087.

con el propósito de garantizar la corrección y legalidad de los permisos concedidos. Particularmente, la Ley Núm. 19-2017 enmendó el referido estatuto para transferir a la Junta de Planificación la obligación de atender las querellas presentadas para impugnar la concesión de algún permiso.[10]

Así, se desprende del texto de la ley que la Junta de Planificación "fiscalizará el cumplimiento de las determinaciones finales y los permisos otorgados" mediante las obligaciones siguientes:

> [L]a realización de auditorías de las determinaciones finales, independientemente de cuál haya sido el ente adjudicador; la fiscalización motu proprio de obras o usos llevados a cabo sin las autorizaciones pertinentes y la **evaluación y adjudicación de querellas presentadas al amparo de la [Ley para la Reforma del Proceso de Permisos de Puerto Rico, supra]**, [Ley Orgánica de la Junta de Planificación de Puerto Rico, supra] o el [Reglamento Conjunto, supra]. (Énfasis suplido). 23 LPRA sec. 9024c.

Igualmente, la Ley para la Reforma del Proceso de Permisos de Puerto Rico, supra, reitera la responsabilidad investigativa de la Junta de Planificación al disponer que, entre sus facultades, deberes y funciones se encuentra: "**[i]nvestigar los referidos o querellas** de las entidades gubernamentales concernidas o cualquier persona natural o jurídica, señalando la ausencia de permisos o el **incumplimiento con las disposiciones legales aplicables en el otorgamiento de permisos** relacionados a sus áreas de

---

[10]Ley Núm. 19-2017, (Parte 1) 2017 LPR 731-747.

injerencia o **en la operación de los permisos otorgados**". (Énfasis suplido). 23 LPRA sec. 9024d.

Asimismo, el referido estatuto particulariza el trámite que debe seguir la Junta de Planificación al recibir una querella impugnando la ausencia, concesión o incumplimiento de un permiso. Una vez se presente una querella de esta naturaleza, el estatuto provee que "**[l]a Junta de Planificación** así como el Municipio Autónomo con Jerarquía de la I a la V o la entidad gubernamental concernida, según corresponda, **iniciará la investigación de los hechos alegados en toda querella** dentro del término de treinta (30) días naturales". (Énfasis suplido). 23 LPRA sec. 9024f. Por ende, la Junta de Planificación está obligada a realizar una investigación para auscultar las alegaciones de la querella. Además, dentro del término de sesenta (60) días naturales desde su presentación, la Junta de Planificación debe emitir sus hallazgos o recomendaciones sobre la querella. Íd.

Si la Junta de Planificación concluye que no hubo incumplimiento o violación a las disposiciones legales aplicables, se archivará la querella. Íd. Si, por el contrario, se concluye que las alegaciones de la querella son ciertas, ésta tiene la facultad de tomar una serie de medidas. 23 LPRA sec. 9024g. En esas circunstancias, podrá expedir una multa administrativa o podrá instar un recurso judicial ante el Tribunal de Primera Instancia para

solicitar la revocación del permiso, la paralización de una construcción o la demolición de las obras. Íd.

Por último, es menester destacar que, aunque el Reglamento Conjunto, supra, vigente al momento de los hechos no abarca el trámite **estatutario** antes explicado, el Reglamento Conjunto para la Evaluación y Expedición de Permisos Relacionados al Desarrollo, Uso de Terrenos y Operación de Negocios, Reglamento Núm. 9081, Junta de Planificación, 8 de mayo de 2019, sí contempla y codifica el procedimiento de presentación de querellas ante la Junta de Planificación. En el mismo, se reconoce nuevamente el mandato legislativo y se dispone que se puede presentar una querella para impugnar lo siguiente: (1) el incumplimiento con las condiciones de un permiso expedido; (2) la alegada ausencia de un permiso, y (3) el incumplimiento con cualquier ley o reglamento aplicable. Íd., sec. 11.2.3.1. De igual forma, responsabiliza a la Junta de Planificación, a los Municipios Autónomos con Jerarquía de la I a la V o a las entidades gubernamentales concernidas de atender estos reclamos e investigar los hechos alegados en toda querella. Íd., sec. 11.2.3.3. En consecuencia, como puede observarse, hay una intención legislativa y administrativa de que este andamiaje se cumpla.

## III

En el caso de epígrafe, el señor Capó Cruz presentó inicialmente una querella, enumerada 2016-SQR-186895, para

impugnar la construcción de la Academia. Al archivarse tal querella, el peticionario no presentó una reconsideración ni acudió en revisión judicial. En consecuencia, este Tribunal está impedido de pasar juicio sobre la corrección o legalidad de la construcción de la Academia.

Ahora bien, como expusimos anteriormente, el señor Capó Cruz presentó una segunda querella, enumerada 2018-SQR-003957, ante la Junta de Planificación, en la cual impugnó la construcción de tanto la Academia como de la **cancha deportiva**. Por las razones expuestas en el párrafo anterior, los permisos de construcción de la Academia son finales y firmes, por lo que los reclamos relacionados a la Academia no serán atendidos en esta Opinión.

En torno a la cancha deportiva, el peticionario señaló expresamente que las razones que fundamentaban su querella eran: (1) la "ausencia de Permiso Requerido"; (2) el "incumplimiento con los términos del Permiso", y (3) la concesión de un "Permiso en incumplimiento con la ley y/o reglamento".[11] Asimismo, el señor Capó Cruz fundamentó sus alegaciones y explicó cómo la construcción de la cancha deportiva le impedía aún más el acceso a su área residencial, cómo se estaba construyendo sin el espacio apropiado para estacionamiento y cómo se comenzó la construcción sin notificar a los residentes colindantes.

_____

[11]Apéndice de certiorari, Solicitud de Radicación de Querella, pág. 29.

Según el derecho explicado anteriormente, éstos son asuntos altamente regulados por la Ley para la Reforma del Proceso de Permisos de Puerto Rico, supra, y el Reglamento Conjunto, supra. Por tanto, están dentro del conocimiento especializado de la Junta de Planificación.

Ante ello, la Junta de Planificación archivó la querella. En la resolución emitida a esos efectos, fundamentó su decisión en el hecho de que la OGPe autorizó la construcción de la cancha deportiva a través de la concesión de un permiso. Sin embargo, la Junta de Planificación no evaluó ni adjudicó los demás reclamos del señor Capó Cruz. En su alegato, la Junta de Planificación se sostiene con tal proceder y razona que, toda vez que la OGPe autorizó la construcción mediante el correspondiente permiso, ésta no tiene que realizar investigación ulterior alguna.

Por tanto, la controversia ante nuestra consideración nos exige determinar si, una vez se impugna el incumplimiento con los términos de un permiso o la concesión ilegal de un permiso, la Junta de Planificación está obligada a investigar estos reclamos. Por las razones que expondremos a continuación, resolvemos en la afirmativa.

Como explicamos anteriormente, la Ley para la Reforma del Proceso de Permisos de Puerto Rico, supra, y el Reglamento Conjunto, supra, disponen de un andamiaje complejo y abarcador para tramitar la solicitud, evaluación

y concesión de un permiso de construcción. En virtud de ello, se implementó un sistema de auditoría y supervisión, para garantizar que los permisos expedidos sean correctos y conforme a las leyes y reglamentos aplicables.

A la luz de lo anterior, la Ley para la Reforma del Proceso de Permisos de Puerto Rico, supra, provee que cualquier persona que colinde con una obra de construcción tiene la facultad de presentar una querella ante la Junta de Planificación. 23 LPRA sec. 9024e. A esos fines, el Art. 14.6 particulariza los argumentos que la parte querellante puede señalar en estas querellas y dispone que se puede impugnar:

> (a) el incumplimiento con las disposiciones o condiciones de los permisos expedidos; (b) la alegada ausencia de un permiso requerido; o (c) el incumplimiento con cualquier disposición de la [Ley Orgánica de la Junta de Planificación de Puerto Rico, Ley Núm. 75 de 24 de junio de 1975, 23 LPRA sec. 62 et seq., Ley para la Reforma del Proceso de Permisos de Puerto Rico, supra], las leyes habilitadoras de las entidades gubernamentales concernidas, la Ley de Municipios Autónomos, el [Reglamento Conjunto, supra] o demás reglamentos aplicables. Íd.

Como puede apreciarse, la ley provee que una parte querellante puede, además de señalar la ausencia de un permiso, impugnar el **incumplimiento con los propios términos del permiso** o, incluso, la **concesión de un permiso contrario a las leyes y reglamentos aplicables.**

A la luz de lo anterior, procede resolver que, una vez presentada una querella en la cual se sustente alguno de estos fundamentos, la Junta de Planificación tiene el deber

ministerial de atender, investigar y adjudicar **cada uno** de estos reclamos. La <u>Ley para la Reforma del Proceso de Permisos de Puerto Rico</u>, <u>supra</u>, **no** limita los deberes de la Junta de Planificación a investigar únicamente la existencia o ausencia de un permiso de construcción. Acoger tal interpretación, haría del Art. 14.6 letra muerta, pues sus incisos (a) y (c) especifican que se puede señalar el incumplimiento con los términos de un permiso y la concesión contraria a derecho de un permiso.

Asimismo, el estatuto reitera expresa y consecuentemente las labores investigativas de la Junta de Planificación, en virtud de sus responsabilidades de fiscalización, auditoría y supervisión. A la luz de ello, no podemos validar que sus obligaciones investigativas cesen con la concesión de un permiso de construcción. Al contrario, debemos garantizar que la Junta de Planificación cumpla con su responsabilidad de fiscalizar adecuadamente las labores de la OPGE y el debido cumplimiento de los parámetros de los permisos concedidos. Ello, incluye el estudio y análisis del contenido sustantivo de los permisos de construcción.

En virtud de estos fundamentos, resolvemos que la Junta de Planificación actuó irrazonablemente al negarse a atender la totalidad de los reclamos presentados por el señor Capó Cruz. Por mandato expreso de la ley, la Junta de Planificación tiene la obligación de investigar

adecuadamente el alegado incumplimiento con los términos de un permiso y la concesión de un permiso en contra de las leyes y reglamentos aplicables.

En consecuencia, devolvemos el caso de epígrafe a la Junta de Planificación para que ésta atienda, investigue y evalúe los reclamos relacionados con la **cancha deportiva** presentados por el señor Capó Cruz en la querella enumerada 2018-SQR-003957. Entiéndase, la Junta de Planificación no adjudicará los señalamientos en torno a la construcción de la Academia.

## IV

A la luz de los fundamentos expuestos, revocamos la Sentencia del Tribunal de Apelaciones y devolvemos el caso a la Junta de Planificación para que proceda según lo dispuesto en esta Opinión.

Luis F. Estrella Martínez
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Juan E. Capó Cruz<br><br>Peticionario<br><br>v.<br><br>Junta de Planificación,<br>Pastor Jesús Figueroa,<br>María Elena Blanco<br>Maldonado, The Kingdom<br>Christian Academy<br><br>Recurridos | CC-2019-0195 | *Certiorari* |

SENTENCIA

San Juan, Puerto Rico, a 23 de julio 2020.

A la luz de los fundamentos expuestos, se revoca la Sentencia del Tribunal de Apelaciones y se devuelve el caso a la Junta de Planificación para que proceda según lo dispuesto en esta Opinión.

Lo pronunció, manda el Tribunal y certifica el Secretario del Tribunal Supremo. El Juez Asociado señor Kolthoff Caraballo no intervino.


Jose Ignacio Campos Pérez
Secretario del Tribunal Supremo